**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-1976-WJM

CLOVIS A. KAYE,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

---

## ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND REMANDING TO THE COMMISSIONER

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Clovis A. Kaye ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability and social security benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

For the reasons set forth below, the ALJ's denial of benefits is reversed and the case is remanded to the Commissioner for rehearing.

### I. BACKGROUND

Plaintiff filed a claim for Disability Insurance Benefits on November 15, 2007. (Admin. Record ("R.") at 121). Plaintiff alleged a disability onset date of April 4, 2007. (*Id.*) The hearing before ALJ Musseman resulted in an unfavorable decision for Plaintiff

dated December 3, 2010. (R. at 24). Plaintiff appealed to the Appeals Council, which denied the Request for Review. (R. at 1).

Plaintiff was 55 years old on the alleged onset date. (R. at 121.) The ALJ found Plaintiff's severe impairments to be hearing loss, degenerative disc disease of the cervical spine, affective disorder, and carpal tunnel syndrome. (R. 19.)

On February 28, 2008, Plaintiff underwent an examination with William Qutub, M.D. (R. 284-289). Dr. Qutub diagnosed lumbar degenerative disc disease, possible bilateral sensorineaural hearing loss, carpal tunnel syndrome, post traumatic stress disorder, and depression. (R. 289). Dr. Qutub opined that Plaintiff can stand and walk four hours per workday, but needs frequent breaks to sustain such a schedule. (*Id.*) Dr. Qutub further opined that Plaintiff can lift or carry 20 pounds; that Plaintiff has occasional postural limitations which are likely more frequent if bearing greater than about 10 pounds with bending, stooping, squatting, and/or crouching activities; and that Plaintiff has occasional manipulative limitations with grasping, handling, and fingering, which are likely a problem with repetitive activities involving Plaintiff's hands. (*Id.*)

On February 29, 2008, the State agency nonexamining physician, James Dyde, M.D., reviewed Plaintiff's medical records and opined that Plaintiff has mild restrictions in performing his activities of daily living and moderate limitations in maintaining concentration, persistence, or pace. (R. 304).

Dr. Dyde further opined Plaintiff is moderately limited in his ability to understand and remember detailed instructions; his ability to carry out detailed instructions; his ability to maintain attention and concentration for extended periods; and his ability to complete a normal workday and workweek without interruptions from psychologically

based symptoms and to perform at a consistent pace without rest periods. (R. 308-309).

On February 26, 2008, Plaintiff underwent a mental examination with Louis Hoffman, Ph.D. (R. 278-282). Dr. Hoffman diagnosed Plaintiff with "major depressive disorder" (R. 281). Dr. Hoffman noted Plaintiff's depression entails "some suicidal ideation," which would need to be monitored. (R. 281-282). Dr. Hoffman noted that Plaintiff did show "significant emotional distress" resulting from the loss of his "wife and sister." (*Id*.) Plaintiff sees a mental health counselor for depression and pain management about once per month. (R. 39, 42). Plaintiff testified that he is unable to work due to a combination of his mental and physical limitations. (R. 43.)

On December 3, 2010, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (R. 18.) At step two, the ALJ found Plaintiff has severe physical and mental impairments. (R. 19.) At step three, the ALJ found Plaintiff's impairments do not meet a Listing. (R. 19.) Before going to step four, the ALJ found Plaintiff has the Residual Functional Capacity ("RFC") to perform *light work* except he can only occasionally perform bending, squatting and kneeling; he can frequently but

---

[1] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

not constantly perform handling and fingering tasks; he cannot perform tasks that require acute hearing; and he is limited to performance of jobs at an SVP level of 4 or less due to medications and an affective disorder. (R. 20.) At step four, the ALJ found Plaintiff is able to perform past relevant work. (R. 23.) The ALJ found that Plaintiff has not been under a disability as defined under the statute. Plaintiff's claim for Social Security benefits was, therefore, denied. (R. 24).

## II. STANDARD OF REVIEW

The Court reviews decisions of the Commissioner to determine (1) whether substantial evidence in the record as a whole supports the factual findings, and (2) whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Although a district court will "not reweigh the evidence or retry the case," a district court "meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *see also* 42 U.S.C. § 405(g). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence, nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

As the Tenth Circuit observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993), the ALJ also has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Id.* This duty exists even when the claimant is represented by counsel. *Id.* at 480.

**III. ANALYSIS**

The Appeals Council denied Plaintiff's request for review on the ALJ's decision. (ECF No. 14 at 1.) Plaintiff then filed this action seeking review of that decision. On appeal, Plaintiff raises two major issues for consideration: (1) that the ALJ's RFC finding does not include all of the limitations contained in the medical opinions that were adopted by the ALJ;[2] (2) that the ALJ's hypothetical questions to the vocational expert did not precisely reflect Plaintiff's limitations. (ECF No. 14 at 7-9.)

Because the Court finds that the ALJ's RFC was not supported by substantial evidence and lacked explanation as to why medical limitations were omitted from the RFC, the Court finds that such error requires remand. Since these same limitations tainted the second issue—*i.e.* the ALJ's proposed questions to the vocational expert—the Court also finds that this issue warrants reversal and remand for further consideration. *See Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996) (recognizing that remand is appropriate where further fact finding is needed).

---

[2] Issue (1), above, encompasses three sub-issues that were outlined in Plaintiff's briefing. (ECF No. 14 at 7-8.) The Court expresses no opinion as to Plaintiff's first sub-issue, but encourages the parties as well as the ALJ, to consider the evidence and issues anew on remand.

**A. RFC not supported by substantial evidence and lacks explanation for omission for medical limitations**

Plaintiff attacks the ALJ's RFC findings by contending that the ALJ gave weight to the medical opinions of Drs. Qutub, Dyde, and Hoffman; but, failed to include all of their limitations in Plaintiff's RFC assessment. (ECF No. 14 at 15.) Plaintiff contends that, without explanation, these inconsistencies constitute error. (*Id*.) The Court agrees.

The RFC assessment is made by the ALJ "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1). The RFC is an assessment of the most a claimant can do despite his or her limitations. *Id.* Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs, laboratory findings, and medical source statements. Soc. Sec. Ruling (SSR) 96–8p (July 2, 1996). An ALJ must make specific RFC findings based on all of the relevant evidence in the case record. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); SSR 96–8p, 1996 WL 374184, at *5 (July 2, 1996):

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain *how any material inconsistencies or ambiguities* in the evidence in the case record were considered and resolved. (*emphasis added*.)

SSR 96–8p. *See also Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).[3]

1. Dr. Qutub

Plaintiff challenges the ALJ's determination on the basis that the RFC finding did not accurately reflect the opinions of Dr. Qutub's opinion despite assigning weight to that very opinion. (ECF No. 14 at 16-18.) To support this position, Plaintiff relies *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir.2012), which held that it is error for the ALJ to discount portions of a medical opinion "with no explanation at all as to why one part of his opinion was creditable and the rest was not." Plaintiff also relies on Social Security Ruling 96-8p, which states that if the ALJ's RFC finding "conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

Here, Dr. Qutub stated that Plaintiff could only perform standing and/or walking for four hours per day—and that he would likely need frequent breaks to sustain such a schedule. (R. 289). Plaintiff contends that this evidence is inconsistent with the ALJ's finding that Plaintiff can perform light work because light work requires a good deal of walking. 20 C.F.R. §404.1567(b). In fact, light work requires standing or walking most of the day. *See* SSR 83-14. The Court agrees with Plaintiff's contention, and finds that the inconsistency is material because the ALJ's finding led to the further finding that

---

[3] In this case, the ALJ's RFC was summarized as follows:

> [T]he claimant has the residual functional capacity to perform light work . . . except he can only occasionally perform bending, squatting and kneeling; he can frequently but not constantly perform handling and fingering tasks; tasks should not require acute hearing; the claimant is limited to performance of jobs at an SVP level of 4 or less due to medications and an affective disorder.

(R. at 20.)

Plaintiff can perform work as a military administrative technician. (R. 23-24). But Plaintiff's past work, as a military administrative technician, requires light work. (R. 24). Dr. Qutub's standing and/or walking limitation (and need for additional breaks) would eliminate one of the jobs the ALJ found Plaintiff able to do. This inconsistency, alone, is enough to warrant remand—and the Court finds as much. *See* SSR 96–8p (stating that "the adjudicator must explain how material inconsistencies in the record were considered and resolved"); *see also Flaherty*, 515 F.3d at 1070 (stating that a district court "meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings").[4]

2. Dr. Hoffman

Plaintiff contends that the ALJ mentioned Dr. Hoffman's opinion but failed to state the amount of weight he afforded this opinion.[5] The Court agrees. Nothing in the record indicates whether Dr. Hoffman's findings carry weight. While the Court could speculate that weight has been given to Dr. Hoffman's evidence, there is no express statement. As such, because the ALJ is required to weigh every medical opinion—and the ALJ has failed to do so—such error constitutes cause for remand. 20 C.F.R. §404.1527(c); *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (stating that "after considering the pertinent factors, the ALJ must give good reasons in the decision

---

[4] In addition, Plaintiff contends that the ALJ failed to account for Dr. Qutub's limitations on Plaintiff's ability to perform grasping, handling, and fingering tasks. (See R. 289). To the extent that there are inconsistencies between the ALJ's findings and Dr. Qutub's evidence, the Court notes that the ALJ should also address this issue anew on remand.

[5] This point is well contrasted with the fact that the ALJ stated that he gave Mark Fraley, D. O. "no weight" (ECF No. 10-2 at 22); and that the "state agency" examiner, Dr. Dyde, was given "some weight." (*Id*.)

for the weight he ultimately assigns the opinion."); *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir.1988); *see also* 20 C.F.R.§404.1527(e)(2)(ii) (providing that "the administrative law judge must explain in the decision the weight given to the opinions . . ." of any treating, non-treating and non-examining sources).

Moreover, not only has the ALJ failed to explain the weight given to Dr. Hoffman's report, but the ALJ has also erred in only referring to evidence in that report that was most favorable to a finding of nondisability. Specifically, the ALJ on the one hand makes reference to the fact that Dr. Hoffman diagnosed Plaintiff with a "depressive order" (R. 23); but then fails to qualify same has being "major" as stated in Dr. Hoffman's report. (R. 281). Additionally, the ALJ notes that Plaintiff exhibited "emotional distress" (RR. 23); but then fails to qualify same as being "significant" and reflective of "suicidal ideation" as, too, stated in Dr. Hoffman's report. (R. 281-282). These examples illustrate the 'picking and choosing' that Tenth Circuit authorities seeks to guard against. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir.2007) (stating that"[a]n ALJ is *not* entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability").

Accordingly, because the ALJ has not properly followed such case law, the Court finds that such error warrants remand for further consideration.

3. Dr. Dyde

Plaintiff next contends that the ALJ gave Dr. Dyde's opinion of mental impairments some weight, but did not provide any reason or explanation why Dr. Dyde's

restrictions should be rejected or discounted.[6]

While the Commissioner contends that such mental restrictions are covered by the SVP, the SVP only refers to the amount of time required to learn to do a job. *See* U.S. Dep't of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed.1991) at 1009. Indeed, in *Chapo*, 682 F.3d at 1290 n.3, the Tenth Circuit stated that the SVP level merely "accounted for issues of skill transfer, not impairment of mental functions.'" *Id*. Thus, the ALJ's limitation of the SVP level to four does not account for Dr. Dyde's specific mental impairments. And because Plaintiff's limitations have not made their way into the RFC (without explanation noting their omission), the Court finds that this issue should also be reconsidered upon remand. *See* SSR 96–8p

**B. The ALJ's hypothetical questions to the vocational expert did not precisely reflect Plaintiff's limitations**

Plaintiff contends that the ALJ's erred with respect to the hypothetical questions proposed to the vocational expert because they did not reasonably reflect Plaintiff's limitations. (ECF No. 14 at 28.) Such error, Plaintiff says, derives from the RFC determination. As noted in *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996), Plaintiff argues that *Winfrey* (like the present case) illustrates the problems associated with an incomplete RFC assessment—*i.e.* the limitations omitted from the RFC finding are also omitted from the hypothetical questions proposed to the vocational expert at step five of the analysis resulting in a defective determination as to Plaintiff's abilities to do work in the existing economy. (*Id*. at 28-29.)

[6] The ALJ only said Dr. Dyde's opinion is not inconsistent with the medical evidence and is entitled to some weight. (R.23.)

Plaintiff thus argues that the ALJ erred on the basis that the hypothetical questions lacked precision as to all of Plaintiff's medical limitations. The Court agrees. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (stating that "testimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.")

To support the finding that the ALJ's decision lacks precision, the Court incorporates by reference the omitted limitations discussed above with regard to the RFC analysis in Section II. A. And, by way of example—and to show how *one* these omissions constitutes cause for remand—the Court observes the following deficiencies in the ALJ's chain of reasoning with respect to Dr. Qutub's evidence, specifically: (1) Dr. Qutub opined that Plaintiff could stand or walk for only four hours per day, inclusive of frequent breaks (but this was not identified in the RFC); (2) the ALJ said that it afforded Dr. Qutub "weight" (but the ALJ failed to incorporate the standing/walking limitation into the RFC or explain otherwise); and (3) in ALJ's hypothetical question, the ALJ advised the vocational expert that Plaintiff could perform light work, being a role that would require standing or walking most of the day (but this does not reflect Dr. Qutub's opinion).

In sum, the ALJ's error can be traced back to what Dr. Qutub said in his report —or, more precisely what he did *not* say. (R. at 284-289). Thus, because the ALJ did not provide the vocational expert with the correct questions (because it did not contain the correct limitations), this misled, or, at best, would have confused the vocational expert into believing that Plaintiff could stand for long periods to undertake the work of a

military administrative technician (which he could not, based on Dr. Qutub's evidence).

The Court concludes that because the ALJ's omission is material—*i.e.* not precise as to the limitations proscribed by Dr. Qutub—it is sufficient to taint the substantiality of the vocational expert's testimony. *See Hargis*, 945 F.2d at 1492. And since the evidence is tainted by the omissions, substantial evidence is lacking in this case for the ALJ to have made the correct determination as to Plaintiff's claim to disability benefits. The Court finds that remand is required to resolve these deficiencies. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir.2005).

**C. Harmless Error**

Finally, it is worth addressing the fact that Commissioner's seems to argue that harmless error doctrine applies—notwithstanding the above deficiencies—because the hypothetical questions purportedly "reflected all of Plaintiff's credible limitations." (ECF No. 15 at 20-21; ECF No. 16 at 16.) The Court disagrees—particularly in light of the deficiencies that have been addressed above.

Courts apply harmless error cautiously in the administrative review setting. *Fischer-Ross.*, 431 F.3d at 733. An error is only harmless when the Court can "confidently say that no reasonable administrative fact-finder, following the correct analysis, could have resolved the factual matter in any other way.' *Id.* at 733-34; *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that courts must "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.")

Here, the Court has no confidence that the factual deficiencies in this case could be resolved another way because the deficiencies are critical omissions. As such, the

ALJ's error is *not* harmless because the jobs identified by the vocational expert are not predicated on the correct limitations that derive from, for example, Dr. Qutub's opinion. These errors are anything but harmless. Indeed, the Court finds this type of error is more toward the significant end of the spectrum which does nothing to save the ALJ's decision from remand.

**D. Remaining Arguments**

Plaintiff raises additional issues related to the sufficiency of the underlying proceedings. But because the Court finds that the ALJ's RFC was not supported by substantial evidence, *inter alia*, above, it need not address the other arguments raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (stating that when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal).

The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered. It is entirely possible that, given the passage of time and the positive manner in which it appeared Plaintiff's life was changing as of the hearing before the ALJ, the ALJ could arrive at the same conclusion and find that Plaintiff is not disabled. The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 17th day of July, 2013.

BY THE COURT:

William J. Martínez
United States District Judge